**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | |
|---|---|
| **NARCISO VALDEZ** | **DOCKET NO. 2:23-cv-01398** |
| **REG. # 19199-078** | **SECTION P** |
| | |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| | |
| **FELIPE MARTINEZ, JR.** | **MAGISTRATE JUDGE LEBLANC** |

**REPORT AND RECOMMENDATION**

Before the Court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se petitioner Narciso Valdez on October 3, 2023. Doc. 1. At the time of filing, Valdez was an inmate in the custody of the Bureau of Prisons ("BOP"), incarcerated at the Federal Correctional Center at Oakdale, Louisiana ("FCIO"). He has since been released from BOP custody.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this Court. For the reasons set forth below, IT IS RECOMMENDED that this petition for habeas corpus should be DENIED AND DISMISSED because petitioner's claims are MOOT.

**I.**
**BACKGROUND**

Valdez filed the instant petition challenging his detention. Doc. 1. He claimed that the Bureau of Prisons (BOP) denied the application of earned time credits despite the fact that he did not have a final order of removal. Doc. 1, p. 1. On March 14, 2024, BOP released/transferred Petitioner to U.S. Immigration and Customs Enforcement ("ICE") custody. *See* doc. 12-1, p. 2, Declaration of Jessica Ivey, Attachment 1, Inmate Profile (redacted).

## II.
## LAW & APPLICATION

Petitioner's release from custody during the pendency of this proceeding renders his claim moot. *See Belasco v. Warden*, 156 F. App'x 671 (5th Cir. 2005).  Although an action "is not moot simply because a § 2241 petitioner is no longer in custody," it is rendered moot "when the court cannot grant the relief requested by the moving party." *Salgado v. Fed. Bur. of Prisons*, 220 Fed. App'x 256, 2007 WL 627580, at *1 (5th Cir. Feb. 22, 2007) (*citing Brown v. Resor*, 407 F.2d 281, 283 (5th Cir. 1969)); *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987). The issue of whether a case is moot presents a jurisdictional matter because it implicates the Article III requirement that an actual controversy exist at all stages of federal court proceedings. *Bailey*, 821 F.2d at 278. A moot case "presents no Article III case or controversy, and a court has no constitutional jurisdiction to resolve the issues it presents." *Adair v. Dretke*, 150 Fed. Appx. 329, 2005 WL 2473569, at * (5th Cir. Oct.6, 2005) (citation omitted).

Because petitioner has been released to ICE custody, the Court can no longer provide him with the relief requested.  Dismissal on that basis is recommended.

## III.
## CONCLUSION

Accordingly,

**IT IS RECOMMENDED** that this petition for habeas corpus should be **DENIED AND DISMISSED** because petitioner's claims are **MOOT**.

**IT IS FURTHER RECOMMENDED** that any pending motions, including Defendant's Rule 12(b)(1) Motion to Dismiss [doc. 14] seeking dismissal on the grounds herein addressed, be **DENIED** as **MOOT**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and

recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in chambers this 18th day of May, 2026.

_____
THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE